IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JUDY RASCOE, o/b/o
G.R., heir of
STEVEN H. RASCOE, Deceased                                   PLAINTIFF


v.                              Case No. 6:06-cv-6067


MICHAEL J. ASTRUE,[1] Commissioner                          DEFENDANT
Social Security Administration


## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, JUDY RASCOE, o/b/o G.R., heir of STEVEN H. RASCOE, Deceased , brings this

action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of

the Social Security Administration (Commissioner) denying the claims of Steven H. Rascoe,

deceased, for a period of disability and disability insurance benefits (DIB) under the provisions of

Title II of the Social Security Act (Act).

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Robert T.

Dawson, referred this case the Honorable Barry A. Bryant for the purpose of making a report and

recommendation.    The Court, having reviewed the entire transcript and relevant briefing,

recommends that the decision of the Administrative Law Judge (ALJ) be **AFFIRMED.**

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule
25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo
Anne B. Barnhart as the defendant in this suit.

**1. Procedural Background:**

Plaintiff Steven Rascoe (Rascoe) filed his application for DIB on September 3, 2003, alleging an onset date of May 17, 2003. (Tr. 58-60).[2]  Rascoe's impairments included myocardial infarction, stroke, hypertension, encephalopathy, and left-sided weakness. (Tr. 76).  Rascoe's applications were denied initially and on reconsideration.  (Tr. 38-41).  Pursuant to Rascoe's request, a hearing before an ALJ was held on November 24, 2004.  Rascoe was present and  represented by counsel, Terry Diggs, at the hearing.  Also appearing was Vocational Expert (VE) Richard Marron and Rascoe's former spouse, Judy Rascoe. (Tr. 217-252).  After considering all of the evidence of record, the ALJ rendered a decision on May 27, 2005, finding Rascoe was not disabled within meaning of the Act at anytime during the relevant time period.  (Tr. 20-28).  The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied Rascoe's request for review on September 15, 2006.  (Tr. 6-9).  Rascoe died June 13, 2006, and this suit was brought by his former spouse, Judy Rascoe, on behalf of their minor child.  (Doc. No. 1).[3]

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2007); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

_____

[2] The docket numbers for this case are referenced by the designation "Doc. No."  The transcript pages for this case are referenced by the designation "Tr."

[3]The Court questions the legal capacity of Judy Rascoe to continue this litigation, but finds it unnecessary to resolve those questions in view of its conclusion that the Commissioner's determination should be affirmed.  *See Underwood v. Finch*, 318 F.Supp. 1157. D.C.N.C. 1970), aff'd 433 F.2d 763 (1970).

As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work

3

experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f) (2003).  The fact finder only considers the Plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.  Discussion:**

The Plaintiff appealed the decision of the Commissioner finding Steven Rascoe not disabled. Plaintiff claims the ALJ's erred in not finding  Rascoe met or equaled a listed impairment; the ALJ failed to consider the combined effects of Rascoe's impairments; the ALJ failed to properly consider Rascoe's obesity; and the ALJ erred in discounting the credibility of  Rascoe and his witness.  The Defendant argues the ALJ properly determined Rascoe did not meet or equal a listed impairment; the ALJ did consider the combined effects of Rascoe's impairments;  the ALJ considered the effects of Rascoe's obesity; and the ALJ properly analyzed the credibility of the Rascoe and his witness.

**A. Listing of Impairments**

The ALJ must determine whether a claimant has a severe impairment that significantly limits the physical or mental ability to perform basic work activities.  A medically determinable impairment or combination of impairments is severe if it significantly limits an individual's physical or mental ability to do basic work activities.  *See* 20 C.F.R. §§ 404.1521 and 416.921.  It is the burden of the claimant to establish an impairment that meets or equals a listing.  *See Johnson v. Barnhart*, 390 F. 3d 1067, 1070 (8th Cir. 2004).  In order to meet a listing, the impairment must meet all of the listing's

specified medical criteria. *See Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

The record medical evidence shows, and the ALJ found, Rascoe did suffer from impairments considered to be severe within the meaning of the Social Security regulations. (Tr. 22, 27). These impairments included coronary artery disease, double coronary artery bypass graft, pulmonary restriction, sleep apnea secondary to obesity, depressive disorder, personality disorder with antisocial traits, and substance abuse. (Tr. 93-94, 97-98, 106-107, 122-124, and 201-212). However, there was no substantial evidence in the record showing Rascoe's condition was severe enough to meet or equal that of a listed impairment as set forth in the Listing of Impairments. *See* 20 C.F.R. pt. 404, subpt. P, app.1.

Plaintiff specifically argues Rascoe met listing 4.01 for chronic heart failure. (Doc. No. 7 Pg. 7). As Plaintiff points out, this listing requires a medically documented presence of an ejection fraction of 30 percent or less during a period of instability, not during an episode of acute heart failure, together with persistent symptoms of heart failure or three or more acute episodes within a 12-month period. *See* 20 C.F.R., pt. 404, subpt. P, app 1, pt. A, §4.01. Medical records from Central Arkansas Cardiovascular Institute show an ejection fraction as high as 50% in August of 2004 and show no evidence of Rascoe meeting this listing. (Doc. 108, 188).

The ALJ correctly found Rascoe did not have a medical impairment that met or equaled a listed impairment. Plaintiff has the burden of establishing that an impairment or combination of impairments, meet or equal an impairment set out in the Listing of Impairments. *See Sullivan v. Zebley*, 493 U.S. 521, 530-31 (1990). Plaintiff has not met this burden.

**B. Combined Effects of Impairments**

Plaintiff argues the ALJ failed to consider the combined effects of Rascoe's impairments. However, the ALJ did consider the combined effect of Rascoe's impairments. (Tr. 25-28). The ALJ found Rascoe had both physical and mental impairments. (Tr. 25, 27). The exertional and nonexertional functional limitations specified by the ALJ in the RFC determination, and the hypothetical question posed to the VE provide substantial evidence the ALJ considered the combined effect of Rascoe's physical and mental impairments. (Tr. 25-28, 246-249). The ALJ found Rascoe had severe impairments related to coronary artery disease, status-post myocardial infarction, double coronary artery bypass graft, pulmonary restriction, sleep apnea secondary to obesity, a depressive disorder, a personality disorder with antisocial traits, and substance abuse. (Tr. 22).

The ALJ determined Rascoe had the RFC to lift and/or carry twenty pounds occasionally, and ten pounds frequently, sit for six hours of an eight hour day, and stand and/or walk six hours of an eight-hour work day. (Tr. 25). The ALJ determined Rascoe could not work around firearms or dangerous machinery, including motor vehicles. (Tr. 25). Additionally, the ALJ found Rascoe was limited to jobs that involved tasks that could be performed with moderate limitations in the ability to carry out instructions; to interact with the public, coworkers and supervisors; and respond to changes in the work setting. (Tr. 25-26).

Substantial evidence supports a determination the ALJ considered the combined effects of Rascoe's impairments.

**C. Obesity**

Plaintiff argues the ALJ failed to properly consider Rascoe's obesity and the effects of

obesity as it related to other impairments.  On the date of his hearing with the ALJ, Rascoe weighed

311 lbs. and was 6 feet 3 inches in height.  (Tr. 200).

The ALJ considered Rascoe's obesity as he found Rascoe had a severe impairment of sleep

apnea related to obesity.  (Tr. 22).  This was based in large part on Rascoe's pulmonary function

studies which showed Rascoe had a mild to moderate restrictive lung disease secondary to his

obesity. (Tr. 179-182).  These studies were considered by the ALJ in his decision. (Tr. 22). Finally,

Rascoe did not allege a disability due to obesity.  (Tr. 76).  Rascoe's failure to allege obesity in his

disability application or during his administrative hearing detracts from the argument that the ALJ

erred by not considering obesity in his decision.  *See. Box v. Shalala*, 52 F.3d 168, 171 (8th Cir.

1995).

Substantial evidence supports a determination the ALJ properly considered the effects of

Rascoe's weight on his impairments.

### D. Credibility

Plaintiff argues the ALJ erred in discounting the credibility of Rascoe and his witness, Judy

Rascoe.  Defendant argues the ALJ performed a proper credibility analysis.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five

factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and

20 C.F.R. § 416.429.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  These factors, which provide

as follows, must be analyzed and considered in light of the claimant's subjective complaints of pain:

(1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the

precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication;

and (5) the functional restrictions.  *See Polaski,* 739 at 1322.  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  Furthermore, an ALJ's credibility determination is generally entitled to deference.  *See Woodruff v. Astrue,* No. 06-1818, 2007 WL 913854, at *1 (8th Cir. March 28, 2007).  As long as the ALJ properly applies these five factors and gives several valid reasons for his or her finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ's decision in the present action is supported by substantial evidence.  In this case, the ALJ did not simply discredit Rascoe's subjective complaints without explanation.  The ALJ applied the factors enumerated in *Polaski*, and determined based upon the record as a whole,  that Rascoe's complaints were not credible to the extent alleged.  (Tr. 23-24).

8

The ALJ found several daily activities that are not typically performed by someone who is completely disabled.  (Tr. 24).  These included the ability to bathe, groom and dress himself (Tr. 210); the ability to prepare meals, do laundry and wash dishes (Tr. 211); and the ability to spend one month at deer camp less than seven months following the onset of his disability and coronary artery bypass surgery. (Tr. 180).

The ALJ also found several factors which challenged Rascoe's credibility. These factors included his smoking of two to three packs a day of cigarettes, use of large quantities of alcohol, and continued use of marijuana.  (Tr. 23-24, 203-204).  Each of these activities would exacerbate his heart disease and is a failure on the part of Rascoe to follow medical advice.  (Tr. 23).

The ALJ also found Rascoe was not always truthful with his treating physicians.  (Tr. 24). During his sleep study at St. Joseph's Regional Health Center, Rascoe reported that he did not smoke or drink.  (Tr. 122).  However, he informed Dr. Michael Inman, during the consultative psychological exam, that he had drank alcohol since childhood and continued to smoke marijuana, the last time being the day before the evaluation.  (Tr. 203-204).  Further, Dr. Inman found Rascoe had a tendency to exaggerate his complaints.  (Tr. 209, 212).

The ALJ also discussed the testimony of Rascoe's ex-wife, Judy Rascoe. (Tr. 24).  Although the ALJ found the testimony sincere, he questioned inconsistencies with her testimony and the results of the consultative psychological exam.  The ALJ was also unclear to the amount of time she saw Rascoe.  On this basis, the ALJ gave reduced weight to her testimony.  Assessing and resolving credibility issues is a matter that is properly within the preview of the ALJ.  *See Johnson v. Chater*, 87 F.3d 1015, 1018 (8th Cir. 1996).

Substantial evidence supports the ALJ's credibility assessment of Rascoe and his testifying witness, Judy Rascoe.

**4. Conclusion:**

The Court has reviewed all of the relevant medical records and briefing in this case. After a careful review of the entire record, this Court finds there is substantial evidence to support the decision of the ALJ. It is therefore recommended that the Commissioner's decision be affirmed, and the Plaintiff's complaint be dismissed with prejudice.

**Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge.** *See* **28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days after service shall bar an aggrieved party from** *de novo* **review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the court except on grounds of plain error or manifest injustice.**

**ENTERED** this **13th day of November, 2007.**

/s/  Barry A.  Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE